UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITE ROCK INSURANCE (SAC) LTD.,<br><br>　　　　　　　　Petitioner,<br>　v.<br><br>VESTTOO LTD. and its subsidiaries,[1]<br><br>　　　　　　　　Respondents. | Civil Action No. |

**DECLARATION OF RENITA SHARMA IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

　　　I, Renita Sharma, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States, as follows:

　　　1.　　I am a member of the bar of the State of New York and am admitted to practice in the Southern District of New York.  I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**"), attorneys for Petitioner White Rock Insurance (SAC) LTD. ("**Petitioner**").  I make this declaration in support of the Petitioner's Motion for a Temporary Restraining Order and Preliminary Injunction (the "**Motion**"), in accordance with Local Civil Rule 6.1, and to bring before the Court certain documents.  Capitalized terms used herein have the same meaning as in Petitioner's accompanying Memorandum of Law.

　　　2.　　Petitioner has proceeded on the Motion by Order to Show Cause because without immediate injunctive relief, Respondents may empty their bank accounts prior to any adjudication in the forthcoming arbitrations, rendering ineffectual the anticipated relief in the arbitrations.  As

---

[1]　　A list of Vesttoo Ltd.'s subsidiaries is attached hereto as **Exhibit 1**.

described in the accompanying Memorandum of Law, and considering that this matter involves a large-scale, global fraudulent scheme still under nascent investigation, if the relief requested is not granted by the Court, there is substantial risk that Vesttoo's assets will be concealed or dissipated, making it near impossible to recover these funds.

3. No previous application for relief similar to that requested in the Motion has been made.

4. Exhibit 1 to this declaration is a true and correct copy of a list of Vesttoo subsidiaries registered in New York, Delaware, and Israel.

5. Exhibit 2 to this declaration is a true and correct copy of a Participating Shareholder's Agreement between Petitioner and Vesttoo, dated January 1, 2022.  Petitioner executed a Participating Shareholder's Agreement with Vesttoo each time it provided reinsurance coverage to cedents.

6. Exhibit 3 to this declaration is a true and correct copy of a cell management agreement between Petitioner, Vesttoo, and Petitioner's parent company, Aon Insurance Managers (Bermuda) Ltd., dated December 29, 2021.  Petitioner executed a cell management agreement with Vesttoo each time it provided reinsurance coverage to cedents.

7. Exhibit 4 to this declaration is a true and correct copy of correspondence dated July 27, 2023, from Quinn Emanuel to Vesttoo's counsel, Mayer Brown, notifying Vesttoo that Vesttoo was in breach of its obligations under the Participating Shareholders Agreements to provide Petitioner with Acceptable Security.

8. Exhibit 5 to this declaration is a true and correct copy of correspondence dated July 28, 2023 from Vesttoo's counsel, Mayer Brown, to Quinn Emanuel, acknowledging receipt of

Quinn Emanuel's July 27 letter and representing that Vesttoo was investigating the purportedly invalid letters of credit and exploring replacing any affected collateral.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 10th day of August, 2023, at New York, New York.

By: _____
Renita Sharma