UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WHITE ROCK INSURANCE (SAC) LTD.,

                            Petitioner,

        -v-

VESTTOO LTD. ET AL.,

                            Respondents.

23 Civ. 7065 (PAE)

<u>ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

      An in-person hearing is scheduled for today at 3 p.m. on the application by petitioner White Rock Insurance (SAC) Ltd. ("White Rock") for injunctive relief in aid of foreign arbitration, and for expedited discovery, from respondent Vesttoo Ltd. ("Vesttoo") and its subsidiaries. *See* Dkts. 1, 3. Pending the hearing, the Court has entered a temporary restraining order providing for certain relief. *See* Dkt. 27. Late last night, counsel for Vesttoo filed a notice, entitled "suggestion of bankruptcy," representing that Vesttoo and five affiliated entities had separately filed for bankruptcy in the United States Bankruptcy Court in Delaware. Dkt. 57. The notice stated that, pursuant to section 362(a) of the Bankruptcy Code, this lawsuit is stayed, and that all actions taken in violation of the stay are null and void. *See id.*

      Although the automatic bankruptcy stay pursuant to section 362(a) clearly automatically stays much of this action, Vesttoo's summary notice does not make apparent that the entirety of this action is automatically stayed. In particular, the suggestion of bankruptcy filed with this Court does not indicate that all subsidiaries named in this action have filed for bankruptcy.

      The Court accordingly will maintain the 3 p.m. in-person hearing today. The purpose of the hearing will be to address: (1) whether the bankruptcy stay applies to the entirety of this

action or just a part of it; (2) to the extent that some component(s) of this action are not automatically stayed, whether the Court should exercise its discretion to impose a stay as to those component(s); and (3) to the extent a stay is not imposed as to components of this action outside the reach of the automatic bankruptcy stay, whether preliminary relief is warranted. Barring further order of the Court, counsel for White Rock, and counsel for the Vesttoo affiliates who have not filed for bankruptcy, are ordered to attend.

To assure that a hearing is not needlessly held, the Court directs counsel for White Rock to file a letter on the docket of this case by 11 a.m. stating whether it agrees that a stay of this matter in full is required or otherwise warranted. In the event counsel for White Rock so agrees, the Court will adjourn the 3 p.m. hearing.

SO ORDERED.

                                                *Paul A. Engelmayer*
                                      PAUL A. ENGELMAYER
                                      United States District Judge

Dated: August 15, 2023
       New York, New York